United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30332
Summary Calendar

IVORY DAIGRE,

Plaintiff-Appellant,

versus

VELOCITY EXPRESS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
(01-CV-961)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ivory Daigre appeals the summary judgment awarded Velocity Express against her claims of wage discrimination under Title VII and the Equal Pay Act. These two statutes are generally parallel in this context. *See Siler-Khodr v. University of Texas Health Science Center San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001), *cert. denied*, 537 U.S. 1087 (2002).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court found that Daigre, a black female, made a *prima facie* case of discrimination by showing there was a similarly situated white male employee who was more highly compensated. Velocity Express then offered evidence that the white male was employed in a more highly compensated job, but was performing the same tasks as Daigre as a favor to the company. This nondiscriminatory explanation was sufficient to shift the burden back to Daigre.

Daigre could overcome the explanation by showing that it was a pretext for discrimination by presenting evidence "that permits the jury to believe that the reason was false *and* that illegal discrimination was the actual reason". ***Nichols v. Lewis Grocer***, 138 F.3d 563, 566 (5th Cir. 1998). Essentially for the reasons stated by the district court, Daigre's flat denial of the explanation offered by Velocity Express is insufficient, as a matter of law, to carry her burden.

*AFFIRMED*